IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-54,281-02






EX PARTE LIONEL FLORES, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 95-4-3401 IN THE 24TH DISTRICT COURT


FROM REFUGIO COUNTY





 Per curiam.


O R D E R



 This is a post-conviction application for a writ of habeas corpus forwarded to this Court
pursuant to Tex. Code Crim. Proc. Article 11.07, § 3. Applicant was convicted of burglary of a
habitation and punishment was assessed at confinement for ten years when his community
supervision was revoked. There was no appeal from this conviction.

 Applicant contends that he is improperly being denied release on mandatory supervision
because the amendment to Tex. Code Crim. Proc. Article 42.18, which made all first degree
felony burglaries of habitations ineligible for mandatory supervision, does not apply to offenses
committed before September 1, 1996, and this offense was committed January 28, 1995. The
trial court has entered no findings of fact.

 It is this Court's opinion that additional facts need to be developed, and since this Court
cannot hear evidence, Ex Parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the
trial court is the appropriate forum. The trial court may resolve those issues as set out in Tex.
Code Crim. Proc. art. 11.07, § 3 (d), in that it may order affidavits, depositions, or
interrogatories from both the criminal institutions and paroles divisions of the Texas Department
of Criminal Justice, or it may conduct a hearing. In the appropriate case the trial court may rely
on its personal recollection.

 Following the receipt of additional information from the Texas Department of Criminal
Justice, the trial court shall make findings of fact as to whether Applicant has been conditionally
released on this conviction. If Applicant is still confined, the court should also make findings as
to: whether Applicant is deemed eligible for release on mandatory supervision; the legal basis for
any determination that Applicant is not eligible for release on mandatory supervision; the date
Applicant committed the offense in this cause; what offense Applicant committed or intended to
commit as an element in the primary offense; and whether Applicant is serving any other
sentences at this time. The trial court should also make any further findings of fact and
conclusions of law which it deems relevant and appropriate to the disposition of Applicant's
claim for habeas corpus relief.

 This application for post-conviction writ of habeas corpus will be held in abeyance
pending the trial court's compliance with this order. Resolution of the issue shall be
accomplished by the trial court within 60 days of the date of this order. (1) A supplemental
transcript containing all affidavits and interrogatories or the transcription of the court reporter's
notes from any hearing or deposition, along with the trial court's supplemental findings of fact
and conclusions of law, shall be returned to this Court within 90 days of the date of this order. (2) 




DELIVERED: December 7, 2005

DO NOT PUBLISH

1. [1] In the event any continuances are granted, copies of the order granting the continuance should be provided to
this Court.
2. [2] Any extensions of this time period should be obtained from this Court.